UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tammy Rene Hensley,<br><br>PLAINTIFF<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security Administration,<br><br>DEFENDANT | Case No. 0:20-cv-01710-TLW<br><br>**Order** |

This social security matter is before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. In the Report, the magistrate judge recommends affirming the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. ECF No. 20 at 6. She filed objections to the Report, ECF No. 21, and the Commissioner replied, ECF No. 22. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

As Plaintiff acknowledges, the only issue she raised in her briefs and objection is whether the ALJ properly considered the side effects of her pain medication, specifically fatigue. *See* ECF No. 18 at 1. She argues that the ALJ erred "in issuing a maximum RFC that did not account for all [her] severe impairments, namely the effects of [her] long-term use of pain medications." ECF No. 16 at 5. The record does not support that argument for at least two reasons.

First, in the reports prepared by the state agency's medical consultants, Drs. Burge and Hopkins, they both recognized Plaintiff's "[c]hronic pain, potentially sedating meds" in recommending particular environmental limitations. Tr. 111, 125. The ALJ "attribute[d] great weight" to their findings (except in a few instances not relevant here) in determining an appropriate RFC for Plaintiff because "their opinions are consistent with the weight of the objective medical evidence." Tr. 15. The ALJ also considered additional evidence submitted after the consultants rendered their opinions and determined that this additional evidence was consistent with his conclusions about the weight he gave to their opinions. Tr. 15. Thus, there is clear, definitive evidence in the record that the ALJ considered sedating effects of her medications when determining her RFC.

Second, the record reflects that the ALJ considered any side effects from Plaintiff's medications, as noted throughout his decision. He noted generally that "recent treatment records indicate [she] was urged to exercise, had no side effects

2

from medication and no exercise intolerance," and that she "regularly denied side effects from her medications." Tr. 15. He noted specifically that "[p]rimary care records from January of 2017 note that [she] is doing well with current pain medications." Tr. 16. He further recognized that "[o]rthopedic records through 2017 and 2018 indicate the claimant's pain improves with her medication, which she tolerates well." Tr. 17. Finally, he noted specific records where she reported that "the medications are working well" and "she denied side effects" on June 26, 2018 and September 24, 2018, respectively. Tr. 17. He ultimately concluded that "the objective examinations are not consistent with the claimant's allegations of disabling functional limitations. Rather, they support the RFC findings of the State agency medical consultants." Tr. 17. Thus, the ALJ's decision reflects that he properly considered any side effects from her medications.

To an extent, these matters were summarily addressed in the Report, but Plaintiff specifically argues that the Report "overlooked the general thrust of [her] position," which is that the ALJ did not discuss the record or explain how the evidence supports his conclusion. ECF No. 21 at 1. The Court concludes otherwise.

As discussed above, the record as noted reflects the ALJ's careful review of the evidence. He "attribute[d] great weight" to the state agency's medical consultants' opinions, but he did not simply adopt their recommendations wholesale without analysis. Tr. 15. Instead, he considered the full evidence in the case to impose additional manipulative restrictions based on more recent evidence and additional vibration restrictions based on the invasive procedures she had undergone. Tr. 15.

3

But he also considered other evidence to give limited weight to recommended limitations regarding temperature extremes and humidity. Tr. 15. Aside from these differences, he concluded that the consultants' recommendations—including limitations resulting from her "potentially sedating meds"—were otherwise supported by the evidence. Tr. 15, 111, 125.

Again, Plaintiff's briefs and objection only focused on one primary issue. The Government filed a sixteen-page brief responding to her initial brief. The Government's response outlines the record and the Government's reasons for concluding that the ALJ's decision should be affirmed.

The Government's response is thorough, with detailed citations to the record. Its analysis of the issues raised in Plaintiff's brief is extensive. The Government's response thoroughly discusses the evidence in the case, as well as the ALJ's review of that evidence. *See* ECF No. 17 at 11–14. The Court will not summarize the complete response here, but notes that the detailed analysis is persuasive.

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. The Court has also carefully reviewed the briefing and the record relevant to the issue raised, along with relevant caselaw, including *Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016) and *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Because the ALJ's factual findings "are supported by substantial evidence and were reached through application of the correct legal standard," *Craig v. Charter*, 76 F.3d 585, 589 (4th Cir. 1996), the Report is **ACCEPTED**, Plaintiff's objections are **OVERRULED**, and the Commissioner's decision is **AFFIRMED**.

4

IT IS SO ORDERED.

*s/ Terry L. Wooten*  
Terry L. Wooten  
Senior United States District Judge

October 22, 2021  
Columbia, South Carolina

5